## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Larry Aron Meeks, Jr.*
Case No. 3:15-cr-00013-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Defendant Larry Aron Meeks, Jr.'s "Motion for Reconsideration Under Federal Rule of Civil Procedure 59(e)" (the "Motion").[1] Meeks seeks reconsideration of this Court's prior denial of his motion for compassionate release.[2] For the reasons discussed below, the Motion is **DENIED**.

As a threshold matter, the Motion was improperly filed as a "*pro se* motion" on behalf of Meeks by the Assistant Federal Defender ("Counsel") previously appointed to file Meeks' motion for compassionate release.[3] In a "Notice Re: Filing of Defendant's *Pro Se* Motion for Reconsideration ("Notice"), Counsel explains that, after the Court denied Meeks' motion for compassionate release, "the Office of the Federal Defender advised Mr. Meeks that it would decline to prepare a motion for reconsideration on his behalf at this time."[4] Counsel states that "the Office of the Federal Public Defender intends to continue to serve and assist Mr. Meeks in an advisory role as he now pursues reconsideration of compassionate release in a *pro se* capacity."[5] Nonetheless, Counsel electronically filed the present Motion, along with a Motion to File Exhibits Under Seal, and a Notice of Filing Exhibits Under Seal.[6] This practice does not comply with the Local Rules, which require counsel to move for leave withdraw and prohibit a party from filing on their own behalf until an order of withdrawal has been entered.[7] Therefore, the Notice is **STRICKEN** for violation of the Local Rules. Counsel shall continue to represent Meeks until an order of withdrawal is entered.

---

[1] Dkt. 134 (Motion).
[2] *Id.*; *see* Dkt. 132 (Order).
[3] Dkt. 133 (Notice re Filing).
[4] *Id.* at 1.
[5] *Id.*
[6] Dkts. 134; 135 (Motion); 136 (Notice). In both the Motion to File Exhibits Under Seal and Notice of Filing Exhibits Under Seal, Counsel represents that Meeks is filing said document "through counsel"—not *pro se*—and submits the document as "Counsel for Mr. Meeks" or "Counsel for Larry Meeks."
[7] L.Crim.R. 44.1; L.Civ.R. 11.1.

1

The Motion also suffers from procedural defects but ultimately lacks merit. First, Meeks files the Motion seeking reconsideration under Federal Rule of Civil Procedure 59(e), which is inapposite.[8] Instead, any motion for reconsideration in this case should have been filed pursuant to Local Criminal Rule 47.1(g). However, the time to file such a motion has passed.[9] Second, "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[10] Here, Defendant largely repeats his original contentions: that his underlying health, in addition to his risk of reinfection for COVID-19, constitute extraordinary and compelling reasons to warrant his compassionate release.[11] Defendant neither cites a manifest error of law or fact or an intervening change in the law. To the extent that Defendant now raises "psychological distress" as a reason to warrant reconsideration, the Court is not persuaded that the assertion is based on new material facts not previously available. That is, Defendant does not allege that the circumstances of his incarceration at FCI Lompoc have changed since his prior motion for compassionate release such that he did not experience "psychological distress" at the time he filed the first motion.[12] Third, in any event, psychological distress is not an extraordinary or compelling reason to justify a sentence reduction. Therefore, Defendant has not established a basis for reconsideration of the Court's prior Order denying Defendant's motion for compassionate release.

Accordingly, the Motion at Docket 134 is **DENIED**. The Notice at Docket 133 is **STRICKEN**. The Motion to File Exhibits Under Seal at Docket 135 is **GRANTED** and the Notice of Filing Exhibits Under Seal at Docket 136 is **ACCEPTED** as filed.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: August 26, 2020.

---

[8] Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend judgment within 28 days after the entry of the judgment in civil cases. Here, Meeks seeks reconsideration of the Court's Order denying to modify judgment in his criminal case.

[9] L.Crim.R. 47.1(g)(2).

[10] L.Crim.R. 47.1(g)(1).

[11] *See* Dkt. 134 at 4–7. *Compare id. with* Dkt. 121 (Motion).

[12] In fact, the COVID-19 statistics at FCI Lompoc show that the outbreak has mitigated in recent months. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited August 25, 2020) (tracking the number of COVID-19 cases in BOP facilities on a daily basis).